UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LEMASTERS,

Plaintiff,

v.

ANITA SCHLANK,

Defendant.

Civil 01-786 (DSD/JGL)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on May 4, 2001, by filing a self-styled pleading entitled "Emergency Writ of Mandamus." (Docket No. 1.) Plaintiff's pleading was not accompanied by the $150 filing fee prescribed by 28 U.S.C. § 1914(a), but he instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must (i) submit a trust fund account statement certified by an authorized prison official, (pursuant to 28 U.S.C. § 1915(a)(2)), and (ii) pay an initial partial filing fee, (pursuant to 28 U.S.C. § 1915(b)(1)). However, Plaintiff's IFP application was not accompanied by

FILED 6-22-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

either the required trust account information or his initial partial filing fee. Those omissions were called to Plaintiff's attention by the Court's order of May 8, 2001. (Docket No. 3.) By that order, Plaintiff was given thirty (30) days to submit a new IFP application that included the required trust account information, as well as the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The order also advised Plaintiff that if he did not submit his new IFP application and pay the prescribed filing fee within the time allowed, it would be recommended that his case be dismissed pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

The deadline set by the Court's order of May 8, 2001, has now expired, and Plaintiff has not submitted a new IFP application or any initial partial filing fee. Indeed, he has not responded to the Court's prior order at all.[1] Therefore, in accordance with the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). In light of Plaintiff's apparent abandonment of this action, it will be

[1] On May 10, 2001, the day after the Court's prior order was filed, Plaintiff filed three documents entitled "Exparte Motion For Temporary Injunction," "Exparte Memorandum Of Law In Support Of Exparte Motion For Temporary Injunction," and "Exparte Affidavit Explaining 'Why Exparte.'" (Docket Nos. 4, 5 and 6.) Those documents apparently were prepared and sent to the Court before Plaintiff received his copy of the Court's order of May 8, 2001, and they do not address the requirements imposed by that prior order.

further recommended that his request for appointment of counsel, (Docket No. 2), and his "Exparte Motion For Temporary Injunction," (Docket No. 4), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Request to proceed in forma pauperis and Request For Appointment of Counsel," (Docket No. 2), be **DENIED**;

2. Plaintiff's "Exparte Motion For Temporary Injunction," (Docket No. 4), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 11, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.